UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GOLF CLUBS AWAY LLC, Individually and
On Behalf of a Class of Persons Similarly
Situated,

       Plaintiff,

 vs.

HOSTWAY CORPORATION, HOSTWAY
SERVICES, INC. and VALUEWEB,

       Defendants.

Case No. 11-62326-RNS

**MOTION FOR FEES, EXPENSES, AND COSTS
AND INCORPORATED MEMORANDUM OF LAW**

## **TABLE OF CONTENTS**

                                                                                                                                             **Page**

I.     BACKGROUND ..................................................................................................1

II.    FEES AND EXPENSES REQUESTED BY PLAINTIFF ...................................2

III.   TIMEKEEPERS FOR WHOM PLAINTIFF IS REQUESTING FEES..............3

IV.   MILBERG'S ATTORNEY FEES ARE REASONABLE....................................3

        A.     Milberg LLP's Hourly Rate is Reasonable ..............................................4

        B.     The Hours Incurred by Milberg as a Result of Defendants' Removal is Reasonable ................................................................................................6

V.     MILBERG IS ENTITLED TO EXPENSES.........................................................8

VI.   LOCAL RULE 7.1(A)(3) CERTIFICATION ......................................................9

Plaintiff Golf Clubs Away ("Plaintiff") pursuant to 28 U.S.C. §1447(c), Local Rule 7.3 and this Court's Order dated April 19, 2012 respectfully moves the Court for an award of fees, expenses, and costs incurred as a result of Defendants' removal of this action.

## I. BACKGROUND

Two and a half years ago (on May 26, 2009), Plaintiff filed this consumer class action against Defendants Hostway Corporation, Hostway Services, Inc., and ValueWeb (a Hostway company) (collectively, "Hostway" or "Defendants") on behalf of itself and all other similarly situated persons who subscribe(d) to Defendants' ValueMail and/or ValueWeb e-mail services and whose e-mail addresses were "blacklisted" after November 1, 2008, in the Circuit Court for the 17th Judicial District in and for Broward County.

After litigating the case for over two years, Defendants filed an improper, untimely, and deficient Notice of Removal in this Court on October 28, 2011. ECF No. 1. On November 3, 2011, this Court ordered Defendants to file an amended Notice of Removal by November 4, 2011, in order to correct deficiencies in the original removal notice. ECF No. 3. On November 4, 2011, Defendant filed an Amended Notice of Removal ("Notice"). ECF No. 4. Plaintiff timely filed a Motion to Remand and For Costs and Expenses ("Motion to Remand"), (ECF No. 10), asking the Court to remand this case back to Florida state court, where the parties have been engaged in extensive class discovery for the last two years. Prior to filing the Motion to Remand, on November 30, 2011, this Court entered an order requiring the parties to conduct a discovery and scheduling conference and setting certain discovery and mediation deadlines. ECF. No. 6. Plaintiff's filed a Motion to Stay that Order pending a decision on Plaintiff's Motion to Remand. ECF No. 13. The Court denied that Motion on January 13, 2012. ECF No. 14.

On April 19, 2012, the Court entered an Order granting Plaintiff's Motion to Remand and for Costs and Expenses and directed Plaintiff to file its motion for fees and costs within 7 days. This fee motion is being made pursuant to that Order and is consistent with the Local Rules and 28 U.S.C. 1447(c).[1]

## II. FEES AND EXPENSES REQUESTED BY PLAINTIFF

Plaintiff's counsel, Milberg LLP, ("Milberg") is seeking $50,961.25 in attorney's fees and $2,668.66 in expenses. These fees and expenses are associated with the research, drafting, and filing of Plaintiff's Motion to Remand and the Reply Brief in Support of said Motion.[2] Also included in this application are the fees for the time expended on the conferring, reviewing, and editing the 26(f) scheduling order filed with the Court on January 3, 2012.[3]

Specifically, after Defendant filed its Notice of Removal and Amended Notice of Removal, Plaintiff's counsel expended significant time and costs researching the various issues related to removal and the possibility of making a motion to remand as well as a motion for fees and expenses. Plaintiff ultimately submitted a 16-page memorandum of law citing at least 30 different cases in support of the motion. ECF No. 10. That motion addressed at least four

---

[1] Prior to filing this motion, Plaintiff's counsel conferred with defense counsel in an effort to arrive at an agreed to amount of fees and costs at an amount less than that sought on this motion. Defense counsel rejected Plaintiff's counsel's proposal. *See* Declaration of Benjamin Y. Kaufman in Support of Motion for Fees, Expenses, and Costs on Behalf of Milberg LLP("Kaufman Dec.") ¶ 10.

[2] Although incurred as a result of the removal, in an abundance of caution and to avoid unnecessary and unproductive satellite disputes, Plaintiff has not included in this request the fees and expenses associated with (1) Plaintiff Motion to Stay the Court's November 30, 2011 Order; and (2) Plaintiff's Motion for Fees, Expenses, and Costs. However, Plaintiff may seek additional fees and expenses associated with any appeal of the Court's April 19, 2012 Order and additional hours expended on this motion. *See, e.g., Traeger Grills East, LLC v. Traeger Pellet Grills, LCC*, 11-cv-536, 2012 U.S. Dist. LEXIS 33208, at *8 (D. Or. Mar. 13, 2012) (awarding fees for time spent on attorney fee petition); *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, No. 10-cv-1445, 2012 U.S. Dist. LEXIS 26654 (M.D. Fla. Feb. 14, 2012) (awarding fees for time spent on appeal on remand).

[3] As in most class actions, Plaintiff's counsel has a contingency fee agreement with Plaintiff. Any fees and expenses recovered as a result of this motion will be excluded from any future fee request made by Plaintiff's counsel.

distinct issues arguing in support of remand to state court. Notably, many of those arguments were adopted in whole or in part in this Court's 11 page, April 19, 2012 Order.

Defendant then filed a 13 page opposition brief raising a number of significant issues. In response, Plaintiff filed a 10 page Reply memorandum of law refuting the arguments made by Defendant and distinguishing the many cases cited by Defendant. Extensive legal research using both Lexis and Westlaw was conducted in preparing these briefs.

Finally, in accordance with this Court's November 30, 2011 Order, Plaintiff participated in a scheduling conference and reviewed and made comments to the proposed scheduling order filed by Defendants.

### III.   TIMEKEEPERS FOR WHOM PLAINTIFF IS REQUESTING FEES

In compliance with S.D. Fla. R. 7.3, Plaintiff's submit with this motion the Declaration of Benjamin Y. Kaufman. The declaration and the exhibits provide a detailed summary indicating the amount of time spent by the partners, associates, and professional support staff at Milberg LLP who were involved in this litigation, and the lodestar calculation based on the firm's current billing rates. The schedule was prepared from time records regularly prepared and maintained by Milberg. Although appropriate under applicable case law, time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

### IV.   MILBERG'S ATTORNEY FEES ARE REASONABLE

"To calculate reasonable attorneys' fees, courts are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services." *Padurjan v. Aventura Limousine & Transp. Serv.*, 441 Fed. Appx. 684, 686 (11th Cir. 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "These amounts are multiplied together to determine the so-called 'lodestar.'" *Id.* (citing *Resolution Trust Corp. v. Hallmark*

3

*Builders, Inc.*, 996 F.2d 1144, 1149-50 (11th Cir. 1993)). "The product of these two figures is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-566 (1986)).

### A. Milberg's Hourly Rate is Reasonable

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). Additional factors to consider in determining the reasonable hourly rate include:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Norman*, 836 F.2d at 1299 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

Plaintiff's counsel is highly experienced in prosecuting complex class action cases. In complex securities and consumer class actions around the country, courts have repeatedly found rates similar to those charged by Plaintiff's counsel to be reasonable; indeed, the American Lawyer reported that the median billing rate for partners at leading law firms now exceeds $900

per hour.[4]  Here, counsels' rates are the competitive hourly rates in their legal communities for litigating cases of this sort—complex securities and consumer class action cases.  *See In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-cv-3400, 2010 WL 4537550, at *25 (S.D.N.Y. Nov. 8, 2010) ("In complex securities class actions in this Circuit and around the country, courts have repeatedly found rates similar to those charged by Lead Counsel here to be reasonable").  Milberg represented the Plaintiff's in *Flag Telecom* and the rates requested here are similar to the rates requested and granted in that case.[5]  Similarly, in a recent consumer class action in California, the Court awarded Class Counsel, including Milberg, a multiple of the lodestar.  The hourly rates requested in that matter and approved by the court were also substantially similar to the rates requested in this case.[6]  Moreover, in a fee approved by a court in this District over six years ago, in 2005, the Court awarded attorney's fees to Milberg.  The rates for partners at that time ranged between $375 and $725 per hour and the rates for associates ranged between $265 and $355.[7]  Here, Plaintiff's counsel is requesting rates of $750 and $600 for the partners and

---

[4] Amy Kolz, *Bankruptcy Billing*, The American Lawyer, Feb. 1, 2010, at 44–45.  *See also*, Susan Postlewaite, *Star power helps determine lawyer compensation,* Florida Daily Business Review, Oct. 10, 2011 (listing rates for top South Florida bankruptcy partners at over $800 per hour).

[5] *See* Exhibit 2 to the Kaufman Dec. attaching pertinent portions of the Declaration of Brad Friedman, Esq., on behalf of Milberg LLP, in Support of Application for Fees and Expenses filed in *In re Flag Telecom Holding, Ltd. Securities Litigation,* 02-cv-3400 (S.D.N.Y.).

[6] *See* Exhibit 3 to the Kaufman Dec. attaching pertinent portions of the Declaration of Jeff S. Westerman in Support of Plaintiff's Motion for Attorneys' Fees and Expenses and Service Award For Plaintiff filed in *Arkady Milgram v. Chase Bank USA, N.A., et al.,* 10-cv-00336 (C.D. Cal.) as well as the the Final Approval Order granting attorneys' fees and expenses.

[7] *See* Exhibit 4 to the Kaufman Dec. attaching pertinent portions of the Affidavit of Maya Saxena in Support of the Application for Attorneys' Fees and Reimbursement of Expenses Filed on Behalf of Milberg Weiss Bershad & Shulman LLP in *In re Hamilton Bancorp, Inc. Securities Litigation,* 01-cv-0156 (S.D. Fla.) as well as the Order and Final Judgment granting attorneys' fees and reimbursement of expenses.

$425 and $375 for the associates who worked on this case.[8] It is not unreasonable to expect that rates would increase somewhat since 2005.

In addition, as detailed in recent articles published in the Florida Business Review, the average partner rate in Southern Florida in 2011 was $482 per hour and the average associate rate was $303 per hour. Notably, partners at many defense firms in South Florida, many of which are adversaries in other current actions involving Milberg, charge far more than the average rate and are in line with the rates charged by Milberg.[9] *See, e.g.,* Karen Sloan, *Billing rates on rise for third year in a row,* Florida Daily Business Review, Dec. 27, 2011.

Thus, the hourly rates requested in this action are similar to the hourly rates requested by and granted to Plaintiff's counsel in other similar large and complex class actions and in line with the billing rates of other large firms in South Florida.

### B. The Hours Incurred by Milberg as a Result of Defendants' Removal are Reasonable

The next step in the lodestar analysis is to determine the reasonable number of hours expended by counsel in the litigation. Once the hourly rate is set, the Court must determine the reasonable number of hours expended in the litigation. *See, e.g.*, *Jet Pay, LLC v. RJD Stores, LLC*, No. 11-cv-60722, 2012 U.S. Dist. LEXIS 11340, at *6 (S.D. Fla. Jan. 30, 2012). "This analysis focuses on the exclusion of hours 'that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel.'" *Id*. (quoting *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)). In this case, the number

---

[8] Plaintiff's counsel is also seeking fees for 11 hours spent by paralegals on the motion to remand. The hourly rate for the paralegals is $325 and $300.

[9] The hourly rates requested in this matter are substantially similar to the hourly rates Milberg charges in non-contingency commercial litigation. Copies of recent retention agreements indicating the hourly rates charged by Milberg can be made available to the Court for *in camera* review.

of hours expended is reasonable in light of the complexity of the motion. As discussed above, Plaintiff filed both an opening motion with a 16-page memorandum of law citing 30 different cases including cases from throughout the Circuit. The memorandum of law raised two separate grounds for remanding the action and contained thorough analysis of the pertinent statutes and case law. The memorandum of law not only required review of case law and statutes but also review of the transcript of the deposition of Gary Miller in order to more fully provide a record for the Court. This was necessary to put in context what Mr. Miller actually testified to. In fact, the Court ultimately cited the deposition testimony quoted by Plaintiff (Plaintiff's Memorandum of Law in Support of its Motion to remand at 10-11, 12-14), which was not contained in Defendants' Notice of Removal and which provided context to the cherry-picked but inconclusive testimony cited by Defendants. In addition to briefing the merits of the issue, in light of the statute, Plaintiff also included in its motion a request for attorney's fees and costs.

Defendants then filed its opposition memorandum of law challenging the various arguments raised by Plaintiff, citing numerous cases in support of those arguments, and raising additional arguments relating to the timeliness of Plaintiff's motion. Plaintiff then filed a 10-page reply brief[10] addressing all of the arguments contained in Defendants' opposition memorandum of law including the newly raised timeliness argument and distinguishing all of the cases found in Defendants' opposition brief.

In addition to the time spent on the briefing, Plaintiff's counsel spent time conferring on and editing the scheduling order which was filed on January 3, 2012 pursuant to this Court's order. The time expended on that was also incurred as a direct result of Defendants' removal.

---

[10] The maximum allowed under the Local Rules.

Plaintiff's counsel has reviewed its hours for the time period beginning on October 28, 2011, the date Defendants filed their initial notice of removal, through December 30, 2011, the final date on which Plaintiff's counsel expended significant time on the proposed scheduling order, and removed all time not directly incurred as a result of Defendants' removal. Plaintiff's counsel also removed any time it deemed to be possibly unreasonable or duplicative. Ultimately, Plaintiff's counsel was left with 104.50 hours it reasonably incurred as a result of the removal.[11]

## V.     MILBERG IS ENTITLED TO EXPENSES

In addition to attorney's fees, Milberg is requesting $2,668.66 in unreimbursed expenses incurred as a result of the removal. The vast majority of those expenses relate to computerized legal research costs incurred by Milberg in preparation of the remand briefing. As discussed, Plaintiff cited 30 cases in its opening memorandum of law but reviewed far more than that in researching the removal and remand issues. Further, Defendants cited numerous cases which Plaintiff reviewed and distinguished in its reply brief. The computerized research costs were therefore reasonable in light of the complexity of the issues presented in this motion.[12]

---

[11] Attached to the Kaufman Dec. as Exhibit 1 is a copy of a summary and detailed report of the time incurred by Milberg as a result of the removal.

[12] The only other unreimbursed expense requested is for $33.30 incurred for local transportation by one of the associates who stayed in the office well beyond business hours drafting Plaintiff's Motion to Remand and supporting papers. Such expense should also be considered reasonable.

## VI. LOCAL RULE 7.1(A)(3) CERTIFICATION

Prior to filing this motion, counsel for the Plaintiff conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in this motion and has been unable to do so.

Dated:  April 26, 2012

**MILBERG LLP**

By: s/ Kristi Stahnke McGregor
       Kristi Stahnke McGregor
Benjamin Y. Kaufman
Gary S. Snitow
One Pennsylvania Plaza
New York, NY 10119-0165
Tel:    (212) 594-5300
Fax:    (212) 868-1229
Email:  kmcgregor@milberg.com
Email:  bkaufman@milberg.com
Email:  gsnitow@milberg.com