UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62326-CIV-SCOLA

GOLF CLUBS AWAY, LLC,

    Plaintiff,

vs.

HOSTWAY CORPORATION
And HOSTWAY SERVICES, INC.,

    Defendants.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, EXPENSES AND COSTS

This matter is before the Court upon Plaintiff's Motion for Attorneys' Fees, Expenses, and Costs [ECF No. 21].[1]  After careful consideration and for the reasons set forth below, the Court grants in part and denies in part Plaintiff's Motion.

### I. BACKGROUND

Plaintiff Golf Clubs Away, LLC, filed this consumer class action against Defendants Hostway Corporation, Hostway Services, Inc., and ValueWeb (collectively, "Defendants" or "Hostway"), in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida.  The Complaint sets forth claims for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), breach of contract, breach of duty of good faith and fair dealing, and unjust enrichment.  Plaintiff seeks class-wide relief on behalf of those persons or entities that subscribed to Defendants' email services and whose addresses were "black-listed" as a result of

---

[1] This Motion was initially referred to Magistrate Judge Robin S. Rosenbaum for hearing and determination [ECF No. 23], but reverted back to the Undersigned when Judge Rosenbaum was confirmed to the District Court bench.

hacking by spammers. The Complaint requests an award of compensatory damages, including actual damages and disgorgement, civil penalties under FDUPTA, attorney's fees and costs, and declaratory and injunctive relief.

After this action had been pending in state court for more than two years, Defendants removed the case to this Court, citing 28 U.S.C. § 1446(b) and the Class Action Fairness Act ("CAFA"). In their notice of removal, Defendants alleged that this is a class action where the amount in controversy exceeds $5 million.[2] Defendants contended that this fact was not evident at the time the case was filed, and they first learned that the amount in controversy exceeds $5 million when they deposed Plaintiff's chief executive officer, Gary Miller. During the deposition, Miller was asked whether "in the aggregate[,] the damages of this potential class action exceed $5 million." *See* Am. Not. Rev. ¶ 29 (quoting Miller Dep. at 240). He responded that "[i]t may." *See id.* Defendants removed the action to this Court within thirty days of Miller's deposition, pursuant to the second paragraph of 28 U.S.C. § 1446(b).[3]

Subsequently, on December 2, 2011, Plaintiff moved for remand of this case to state court, arguing that Miller's testimony was insufficient to show that the amount in controversy met the $5 million jurisdictional threshold of CAFA. Plaintiff also contended that Defendants' removal was not timely. In response, Defendants argued that the deposition evidence was sufficient, and the motion to remove was both timely and proper.

Thereafter, on April 19, 2012, the Court entered an Order [ECF No. 19] granting Plaintiff's Motion to Remand because Miller's responses lacked the requisite unambiguousness and certainty to establish federal jurisdiction under the preponderance-of-the-evidence standard. The Court

---

[2] Under CAFA, federal courts have original jurisdiction over class actions in which the aggregate of the claims of individual class members exceeds $5 million and there is minimal diversity, meaning that at least one plaintiff and one defendant are from different states. *Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006).

[3] For any case not initially removable, the second paragraph of section 1446(b) permits a later removal so long as it takes place "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendants contended Miller's deposition transcript constituted an "other paper" from which it was first able to ascertain that the amount in controversy exceeded $5 million in this action.

"reluctantly" found an award for fees and costs warranted, because Defendants' removal was improvident and objectively unreasonable. *See* i*d.* at 10. The Court hastened to emphasize, however, that "counsel should not view this award in the nature of a sanction" and instructed Plaintiff to file an "appropriate and properly supported fee motion, consistent with the Local Rules, stating the amounts it claims to be due and any other necessary information." *See id*. at 10-11. Plaintiff then filed the instant Motion and its supplemental declarations [ECF Nos. 22, 27].

## II. DISCUSSION

### PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

#### A. Entitlement to Fees

The federal removal statute, 28 U.S.C. § 1447(c), provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." The award of attorney's fees under section 1447(c) is a matter for the district court's discretion, and the appropriate inquiry is whether, in the Court's judgment, "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141. As noted above, the Court has already determined that an award of fees is appropriate in this case. *See* D.E. 19. Thus, the Court turns now to consider the amount of an appropriate award.

#### B. Calculation of Attorneys' Fees

Under both Florida and Eleventh Circuit precedent, the lodestar method governs the process for determining attorneys' fees. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988)*; Tartaglia v. Big Apple Consulting USA, Inc.*, 2011 WL 6937465 at *5 (M.D. Fla. Nov. 22, 2011); *Fla. Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145, 1147 (Fla. 1985). In computing the lodestar, the Court must first determine the reasonable hourly rate. Once the hourly rate is set, the Court must determine the reasonable number of hours expended in the litigation. After the Court establishes the reasonable hourly rate and the reasonable number of hours expended, it determines the lodestar by multiplying the two numbers. "A lodestar figure that is based upon a reasonable number of hours spent on a case multiplied by a reasonable hourly rate is itself strongly presumed to be reasonable." *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993).

Therefore, only under "severely limited" circumstances may the Court adjust the lodestar based on the results obtained. *Hallmark Builders, Inc.*, 996 F.2d at 1150. More specifically, a

downward adjustment to a lodestar may be warranted only if the prevailing party was only partially successful in its efforts. *Id*. Conversely, only in rare cases of exceptional success should the lodestar be adjusted upward, and even then only where the adjustment can be supported by specific evidence. *State v. Skinners Wholesale Nursery, Inc.,* 736 So. 2d 3, 8 (Fla. 1st DCA 1998); *Del. Valley Citizens' Council for Clean Air*, 478 U.S. at 565. With respect to the determination regarding whether to make an adjustment of the lodestar, the Court must specifically articulate the decisions made, give principled reasons for the decisions, and show the Court's calculations. *Loranger*, 10 F.3d at 781.

### 1.  Reasonable Hourly Rate

Plaintiff seeks an award of attorneys' fees for its litigation team employed by the law firm of Milberg LLP ("Milberg"). Specifically, Plaintiff requests hourly rates of $995 for attorney Arthur Miller, $750 for Attorney Benjamin Kaufman, $600 for Attorney Christopher Polaszek, $425 for Associate Attorney Gary Snitnow, $375 for Associate Attorney M.J. Quinn ('Quinn'), and $300 and $325 for paralegals. In support of these requests, Plaintiff submits affidavits of other attorneys not involved in the instant case, from cases in the Southern District of New York, the Eastern District of Michigan, and the Central District of California. *See* D.E. 22; D.E. 27. These affidavits were used to support fee requests for other attorneys, in turn, who were also not involved in this case. In addition, Plaintiff filed orders awarding fees for Milberg lawyers from these other courts in other cases. Also included in Kaufman's exhibits are an affidavit of an attorney in support of a proposed settlement in a different case in the Southern District of Florida, of which settlement the payment of attorney's fees is a part, and a court order finding the proposed settlement to be fair. After examining the materials Plaintiff has filed in support of its requested hourly rates, and following consideration of the local market rates and case law from this District, the Court concludes that Plaintiff's requested hourly rates must be reduced.

A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994). The fee applicant bears the burden of establishing the claimed market rate. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Generally, "the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed,'" *Barnes*, 168 F.3d at 437, provided

that local attorneys have the skills to handle the specific type of matter at issue. *See Maceira*, 698 F.2d at 40. A fee applicant seeking to recover the non-local rates of an attorney who is not from the place in which the case was filed must show a lack of attorneys practicing in that place who are willing and able to handle his claims. *Barnes,* 168 F.3d at 437. A prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most expertise on a given legal issue, regardless of price; instead, a prevailing plaintiff may recover market-rate fees only for an attorney with reasonable expertise. *Id.*

In South Florida, the legal market is sophisticated and boasts lawyers of all skills, including those who work on complex class actions. Moreover, the matter for which the Court is awarding fees relates to CAFA removal and remand and has nothing to do with substantive or class action issues.[4] Accordingly, the Court cannot find that Plaintiff's New York counsel possess a unique skill set that cannot be found in South Florida.

The party seeking attorneys' fees "bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rate," which must consist of more than an affidavit of the attorney performing the work. *Norman*, 836 F.2d at 1299. Here, Plaintiff has not satisfied its burden. While the Court acknowledges Milberg's fine work in representing Plaintiff, the Court notes that the Motion for Remand set forth only two arguments for remand and one for fees — none of which involved novel issues of law. Moreover, Plaintiff has submitted no evidence suggesting that any of the requested hourly billable rates are consistent with "the prevailing market rate in [South Florida] for similar services by lawyers of reasonably comparable skills, experience and reputation."[5] *See Loranger*, 10 F.3d at 781. Plaintiff filed this case in Florida, yet Plaintiff

---

[4] To this end, Plaintiff's reliance on *In re Flag Telecom Holding, Ltd. Securities Litigation*, Case No. 02-CV-3400 (S.D.N.Y.) and *Arkady Milgram v. Chase Bank USA, N.A., et. al.*, 10-CV-00336 (C.D. Cal.), is misplaced. Both cases apparently involved negotiated settlements of the merits of complex securities issues, whereas fees here are not negotiated and were incurred in connection with the filing of a fairly straightforward motion for remand.

[5] While Plaintiff has submitted a partial Affidavit of Maya Saxena in Support of the Application for Attorney's Fees and Reimbursement of Expenses Filed on behalf of Milberg Weiss Bershad & Shulman LLP in *In re Hamilton Bancorp, Inc. Securities Litigation*, 01-cv-0156 (S.D. Fla.) [D.E. 22-4], the nature of the award of fees in that case is distinguishable from the nature of the award in this case. The fees in *Hamilton* were paid as part of a negotiated

requests New York hourly rates, which are among the highest in the country. Hourly billing rates, however, must be based on the prevailing *local* market rate, not the billing rates in a geographically distinct market. Indeed, Plaintiff admits that "the average partner rate in Southern Florida in 2011 was $482 per hour and the average associate rate was $303 per hour." Mot. at 6. The rates requested in the Motion are well above those that Plaintiff concedes are average for this jurisdiction.

Upon review of the materials submitted and in consideration of the Court's own knowledge of the local market, *see Loranger*, 10 F.3d at 781, the Court finds the following hourly rates reasonable: for Miller, Kaufman, and Polaszek, $500 per hour; for Snitnow and Quinn, $350 per hour; and for the paralegals, $125 per hour. *See Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 2012 WL 253255 at 2 (S.D. Fla. Jan. 26, 2012) (finding an average hourly rate of $350 for attorneys billing at varying rates of $850 per hour, $675 per hour, $370 per hour and $350 per hour to be a reasonable market rate). With regard to Miller, Miller heads the appellate practice at Milberg, is a professor at New York University School of Law, and has authored more than forty books, including *Civil Procedure*, the casebook used by most United States law schools. He has litigated numerous cases in federal appellate courts and has practiced law for fifty-four years. Kaufman represents Milberg's corporate clients in complex class actions and securities litigation, primarily in the Southern District of New York, and has practiced law for twenty-four years. Polaszek specializes in securities-fraud class actions and complex commercial litigation, and has practiced law for twelve years. Snitnow also specializes in complex commercial, bankruptcy, and antitrust litigation, primarily in the Southern District of New York, and has practiced law for seven years. No evidence concerning the experience of Quinn and the paralegals has been submitted. The Court finds that Milberg's paralegal hourly rates of $300 and $325 are not justified, particularly given the lack of information provided about the paralegals' experience.

---

substantive settlement on a securities case. Here, on the other hand, the matter for which Plaintiff seeks fees concerns a straightforward motion to remand, and fees are being paid not by negotiation, but rather, upon order of this Court. Moreover, Exhibit A of the affidavit indicates lower hourly billing rates than sought here (ranging from $375-725 for partners, from $265-450 for associates, and from $165-210 for paralegals). And no evidence of the relative experience of the attorneys and paralegals or, significantly, of the tasks performed by the attorneys and paralegals, is included in the exhibit, nor are any of the attorneys or paralegals performing tasks in this case included.

Instead, the Court finds an hourly rate of $125 reasonable for the time spent by paralegals in relation to this matter. *See ABC Charters, Inc. v. Bronson*, 08-21865CIVGOLDMCALI, 2010 WL 1332715 (S.D. Fla. Mar. 16, 2010) (finding $125 to be reasonable for paralegals and law clerks).

### 2. Hours Reasonably Expended

The Court must next determine the reasonableness of the hours expended by Plaintiff's counsel. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428. The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation. *See id*. So that the Court may accurately determine the amount of fees to be awarded, the fee applicant must provide specific and detailed evidence. *Id.*

A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. The Eleventh Circuit "encourages" the Court to use its independent judgment in considering whether counsel engaged in an "inefficient, over-litigatory approach" in fashioning an award of fees. *Padurjan*, 441 F. App'x at 686. Where necessary, the Court must undertake the task of "pruning out those [hours] that are excessive, redundant or otherwise unnecessary." *Barnes*, 168 F.3d at 428. The Court may conduct an hour-by-hour analysis or elect to reduce fees by using an across-the-board method to avoid "pick and shovel work." *See Bivens v. Wrap It Up, Inc.*, 548 F.3d 1348, 1351 (11th Cir. 2008).

Plaintiff has submitted detailed time entries for five attorneys and four paralegals who collectively filed a sixteen-page motion and a ten-page reply, totaling twenty-six pages in all. The time records submitted reflect that the attorneys representing Plaintiff spent 104.5 hours, totaling a requested $50,961.25, in litigating the remand motion. This amounts to thirteen, eight-hour days of work on the Remand Motion.

Defendants assert that this amount is unreasonable and attack certain time entries as excessive, duplicative, or otherwise non-compensable. Plaintiff responds that the issues in dispute were not simple and required lengthy analysis. Plaintiff further claims that more hours were expended in order to reduce the number of pages to conform to the maximum number of pages allowed under the Local Rules. The Court has reviewed Plaintiff's motion papers and detailed time

entries provided to determine whether the hours expended in this matter were excessive, redundant, or otherwise unnecessary in the exercise of billing judgment. *Perkins v. Mobile Housing Board*, 847 F.2d 735, 738 (11th Cir. 1988).

### a. Excessive Time Entries

With respect to entries relating to time spent researching and preparing Plaintiff's motion and reply, the Court agrees in part with Defendants that the hours are somewhat inflated. As noted above, the billing statement indicates that Plaintiff's counsel spent approximately 105 hours of billable attorney time on the remand issues.

After careful consideration, the Court reduces Milberg's attorney time to 80 hours. Milberg's time entries indicate that attorneys and paralegals spent 11.75 hours from October 28, 2011, to November 16, 2011 — or a day and a half — meeting and discussing the motion prior to beginning drafting and research. On its face, this expenditure of time appears excessive.

Milberg then spent another 53.75 hours from November 17, 2011 to December 2, 2011, drafting and researching the motion. A review of the motion reveals that roughly half of it discusses factual information, including lengthy citations to passages of deposition. *See* D.E. 10. While the factual information is certainly appropriately included and contributes to Plaintiff's memorandum of law, providing background information, quoting necessary deposition passages, and arguing the facts should not require much of the 53.75 hours billed, as counsel presumably know their own case. Similarly, legal analysis concerning the remand claim is limited to approximately one-half of the content of the opening memorandum, or about eight pages. *See id*. And, as previously noted, the motion sets forth only two arguments for remand and one for the award of fees, none of which involved novel issues of law.

With respect to time spent by Milberg preparing the reply, Milberg spent 32 hours from December 19, 2011 to December 30, 2011, drafting and researching. A review of the reply reveals that argument concerning the remand claim is limited to approximately eight pages and largely concerns the straightforward issue of whether the deposition testimony satisfies the legal evidentiary standard to establish federal jurisdiction. In sum, the Court finds that the nature and complexity of the issues involved warrants a reduction in the attorney time from 105 hours to 80 hours.

### b. Duplicative and Redundant Time Entries

Defendants also object to Plaintiff's request for fees for more than one attorney working on the same task, including, among other such instances, for discussions, meetings, and research. While the Eleventh Circuit has cautioned that the Court must deduct for redundant hours, which "generally occur where more than one attorney represents a client," *Norman*, 836 F. 2d at 1301-1302, it has, nonetheless, been very clear in also stating that "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Id.* at 1302.

In the instant matter, the Court finds hours of the various partner attorneys and the associate attorneys not to be redundant, including time spent by them in meetings and discussions and in research relating to the preparation of the motion and reply. Approximately 40% of the hours relates to partner attorney time, while approximately 60% of the hours relates to associate attorney time. A line-by-line review of the hours charged regarding the same or similar tasks, as well as discussions and meetings, yields the conclusion that the partner attorneys and the associate attorneys each played unique, distinct, and necessary roles and that such an allocation of time is reasonable.

### c. Paralegal Time Entries

Plaintiff requests 11 hours of time billed for paralegals. Time descriptions include emailing, cite-checking, proofreading, preparing certificates of service, and saving, printing, and ECF docketing. Here, the Court finds the proofreading time billed by the paralegals who worked on the case is duplicative of work performed or reviewed by the attorneys. Moreover, a substantial portion of the remaining work is largely clerical in nature. *See Tiara Condominium Ass'n*, 697 F. Supp. 2d at 1366 ("tasks of a clerical nature are not compensable as attorney's fees"); *For Play Limited v. Bow to Stern Maintenance, Inc.*, 2006 WL 36623339, *7 (S.D. Fla. Nov. 6, 2006) (King, J.) (courts deny compensation for "paralegals performing clerical functions such as organizing files, copying documents, checking the docket, updating files, checking court dates and delivering papers"). Accordingly, the Court reduces the amount of hours sought for paralegals from 11 hours to 5 hours.

### C. Recovery of Related Non-taxable Legal Expenses

Plaintiff seeks $2,688.66 in non-taxable legal expenses, principally related to online legal research. The Court has discretion to determine whether the cost of on-line legal research should

be recoverable. *See Friskney v. American Park & Play* 2007 WL 675974, at *3 (S.D. Fla. Mar. 1, 2007). Here, the Court concludes that computerized research charges are recoverable as related costs because the use of computerized legal research databases is part-and-parcel to modern legal practice and is consistent with the reasonable standard of care exercised by a qualified attorney practicing in federal court. Accordingly, the Court concludes that Plaintiff is entitled to an award of costs in the sum of $2,688.66, representing the charges incurred for related non-taxable legal expenses.

### III.  CONCLUSION

For the above reasons, Plaintiff's Motion for Attorneys' Fees, Expenses, and Costs [ECF No. 21] is hereby **GRANTED IN PART and DENIED IN PART.** Defendants shall pay Plaintiff's attorney's fees in the amount of **$36,113.66.** The Court has calculated these awards as follows: 40% partner attorney time, or 32 hours, at the $500 hourly partner rate; 60% associate attorney time, or 48 hours, at the $350 hourly associate rate; and 5 hours of paralegal time at the $125 hourly rate. The award also accounts for $2688.66 in legal research expense.

**DONE and ORDERED in chambers, at Miami, Florida on July 13, 2012.**

                                                                                 _____
                                                                                 HON. ROBERT N. SCOLA, JR.
                                                                                 **UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of record